934 So.2d 580 (2006)
David William MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1612.
District Court of Appeal of Florida, Third District.
July 19, 2006.
*581 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
SUAREZ, J.
The defendant appeals from his convictions and sentences for burglary of an unoccupied conveyance and grand theft. We affirm.
The defendant argues on appeal that he should receive a new trial because the trial court erred during jury selection and during the State's case when it admitted a certain photograph and police testimony into evidence. The state asserts that the defendant's points on appeal are unpreserved or meritless.
The victim entered his truck, parked in front of his home, at approximately 10 or 10:30 PM. He opened the truck door and found a man later identified as the defendant sitting in the front passenger seat rummaging through items in the truck. The victim yelled at the defendant to get out of his truck, ran into his house, grabbed a broom, and chased the defendant from his property while hitting him about the head and body with the broom handle. The defendant stopped running and gave the victim money he had taken from the truck. The defendant then drove away in a waiting car. Cash, a camera, medication, and a cell phone were missing from the victim's truck. A laptop computer was damaged. The victim later identified the defendant in a photo array and at trial. The defense at trial was misidentification. The jury found the defendant guilty as charged and the trial court imposed habitual offender sentences.
The defendant first claims on appeal that the trial court erred in denying his cause challenges of two prospective jurors, Echevarria and Clark. The trial court did not commit manifest error in denying the challenges. See Puiatti v. Dugger, 589 So.2d 231, 235 (Fla.1991) (a trial court's decision of whether a juror is competent to serve will not be overturned without a showing of manifest error). During voir dire, both Echevarria and Clarke were presented with the question of whether they could come back with a guilty verdict if the state only produced one witness and proved the elements of the crime beyond a reasonable doubt. Both first answered that they would like to hear more. The trial court separately questioned both and explained that the State had the duty to prove beyond a *582 reasonable doubt the defendant's guilt. If the state did not meet that standard, the verdict must be not guilty whether or not the defendant testified. Both then unequivocally stated numerous times in response to questioning that they would follow the law as given by the judge. The trial court did not err in refusing to strike each for cause as their responses show each could sit as a fair and impartial juror.[1]
The trial court did not err by denying the defendant's peremptory challenge of prospective juror Tahir. The defendant sought to back strike Tahir at the close of jury selection. The State objected and requested a race-neutral reason for the strike pursuant to Melbourne.[2] Defense counsel argued that one of Tahir's non-verbal indications during the State's questioning might indicate that Tahir would want the defendant to testify. The trial court did not err by finding this reason to be disingenuous. See Dorsey v. State, 868 So.2d 1192 (Fla.2003) (a "feeling" about a juror is an inadequate justification for exercising a peremptory challenge); Knight v. State, 919 So.2d 628, 632 (Fla. 3d DCA 2006) (trial judges are in the best position to determine the genuineness of a peremptory challenge and should be overturned only upon a finding of clear error).
The defendant raises two evidentiary issues on appeal. On the second day of trial, the State announced that the victim had provided a photograph to the State that morning depicting his truck in the driveway the way it appeared when it was burglarized. The defense objected, but failed to explain how the discovery violation was prejudicial.[3] The trial court did not abuse its discretion by allowing the photograph into evidence.
Finally, the defendant argues that the trial court erred by permitting a police officer to testify regarding the officer's observations of the defendant's injuries when he was arrested several days after the offense. The defense did not object to the officer's testimony that the defendant had injuries that appeared to have been caused by a blunt object. Therefore, any error is unpreserved for our review.
The officer also testified, over defense objection, that the bruise was already fading and that the laceration seemed to be healing. The testimony described what the officer personally observed, and did not require expertise. § 90.701, Fla. Stat., (2005). The trial court did not abuse its broad discretion by overruling the defendant's objection. Bush v. State, 809 So.2d 107, 120 (Fla. 4th DCA 2002) (no abuse of discretion where lay witness testified that a child appeared to be in good health).
Affirmed.
NOTES
[1] The trial court granted the defendant an additional peremptory challenge after it denied defendant's motion to strike Echevarria. Therefore, any error in the trial court's denial of defendant's motion to strike Clarke would be harmless. Conde v. State, 860 So.2d 930, 942 (Fla.2003).
[2] Melbourne v. State, 679 So.2d 759 (Fla. 1996).
[3] The trial court conducted a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971).